{¶ 32} I reluctantly concur with the judgment and analysis of the majority. My reluctance is not based on the factual or legal analysis of the majority opinion, but rather on the principle of justice, a principle that, in my view, was not served in this case.
 {¶ 33} Traditionally, American prosecutors have been afforded wide discretion when deciding to file criminal charges against a suspect. The decision to prosecute is considered by some to be one of the most unrestrained exercises of power in the American judicial system. Caves, The Prosecutor's Dilemma: Obligatory Charging Under the Ashcroft Memo (2008), Journal of Law Social Challenges, 9 J.L. Soc. Challenges 1.
 {¶ 34} My problem with this case is not with the decision to prosecute Harry Ollison, because the law cannot sanction Ollison's decision to engage in vigilante justice against Moore. Nevertheless, I feel justice was not served in this case.
 {¶ 35} As numerous legal experts have recognized, "doing justice" is a concept that "has no universally accepted meaning and does not lend itself to easy interpretation." The concept may have one meaning when a prosecutor is trying a case and another meaning when he or she is advising an investigative agent. One legal scholar has said that the vague nature of the ethical directive "leaves prosecutors with only their individual sense of morality to determine just conduct." *Page 12 
Wilson, Prosecutors Doing Justice Through Osmosis-Reminders to Encourage a Culture of Cooperation (2008), 45 Am.Crim.LRev. 67.
 {¶ 36} Here, there is no evidence in the record that Ollison was offered a plea. While it is certainly within the prosecutor's discretion not to reduce a charge, certain factors of the type present in this case often prompt prosecutors to consider the final outcome of a case.
 {¶ 37} Harry Ollison was a 76-year-old Korean War veteran living in a rundown mobile trailer on a vacant lot on East 83rd
Street in Cleveland. Ollison lived there with his 43-year-old mentally challenged girlfriend. Ollison had few worldly possessions: an old truck and some torches used for "metal scrapping," as well as an old shotgun given to him years earlier by his grandfather. An electrical cord haphazardly strung into an adjacent home provided the only power to the trailer. A series of corrugated metal sheets separated his trailer from the outside world. Ollison suffered from congestive heart failure and had no criminal record. Ollison never denied what he did. He never attempted to minimize his conduct and, in fact, waived a jury, saying he "just wanted to get it over with." Ollison was not like many defendants who routinely attempt to minimize or explain away their conduct.
 {¶ 38} The victim, William Moore, was a convicted felon. He served twenty-one years in prison for felonious assault and aggravated burglary. He was a parole violator and had also been arrested on more than one occasion for "domestic" incidents involving a girlfriend. Moore was an alleged heavy drinker who harassed Ollison's girlfriend, Barbara Williams. Ollison and Williams both claimed that Moore *Page 13 
burned Ollison's truck and stole torches from his trailer in the days preceding the shooting. All this occurred despite the fact that Ollison reportedly let Moore stay on the property and helped him from time to time following Moore's release from prison.
 {¶ 39} While Moore denied the allegations leveled by Ollison and Williams, the trial court apparently found some merit in them because the court found Ollison guilty of the lesser offense of aggravated assault. The court noted that Ollison was angry and thus found he acted under severe provocation at the time of the shooting. The undisputed facts are that Ollison fired the shotgun from 35 yards away and three small pellets struck Moore in the lower legs. Moore was treated at the scene and declined hospitalization. The trial judge specifically found there was no "serious physical harm" established in the case. Despite this, the trial court had no choice but to sentence Ollison to three and one-half years in prison because of a gun specification, which required a mandatory three-year prison term without the prospect of judicial release. Because of his advanced age and infirmity, Ollison may well die in prison.
 {¶ 40} This case brings to mind the old adage that just because a prosecutor can do something, does not always mean he should. Here the prosecutor declined to exercise his discretion and remove the gun specification, and he no doubt believes that justice was served. I, on the other hand, am left with the sinking feeling that it was not. Prosecutorial discretion is often the most powerful component in a criminal prosecution. There are times when it should be exercised. In my view, this was the appropriate time. *Page 1